IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TODD HERRING, #243624, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CASE NO. 1:11-CV-1080-TMH |
| ) | [WO] |
| ) | |
| LEON FORNISS, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief initiated by Todd Herring ["Herring"], a state inmate, on December 15, 2011. In this petition, Herring challenges convictions for trafficking and manufacturing a controlled substance imposed upon him by the Circuit Court of Houston County, Alabama on May 7, 2009. In his original petition, Herring argued that his trafficking conviction is violative of double jeopardy as it arises from the same course of action as the manufacturing offense. *Petition for Writ of Habeas Corpus Relief* at 6. However, on May 3, 2013, Herring amended his double jeopardy claim arguing that the manufacturing of methamphetamine was merely a form of preparation to commit trafficking in the controlled substance and therefore under § 13A-1-8(b) of the Alabama Code cannot be considered a separate offense for purposes of conviction/sentence, and, hence, "it is the manufacturing charge rather than the trafficking

[conviction] that violated his protection against double jeopardy." *Amendment to Petition - Doc. No. 28* at 2-3.

On May 22, 2013, the respondents filed a supplemental answer in which they argue that Herring has failed to exhaust his state remedies with respect to the amended double jeopardy claims presented in the amendment to the petition. Specifically, the respondents argue that under state law these claims are jurisdictional and may therefore "be raised at any time in a Rule 32 petition and [are] not subject to the preclusions contained in Rule 32.2 of the Alabama Rules of Criminal Procedure." *Respondents' Fourth Supplemental Answer - Doc. No. 31* at 5. The respondents further assert and the record before the court establishes that in his amendment to the petition Herring concedes that he has not presented his amended double jeopardy claims to the state courts. *Id*. at 3; *Amendment to Petition - Doc. No. 28* at 3.

In light of the arguments presented by the respondents in their most recent answer, the court entered an order affording Herring an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust available state remedies. *Order of June 19, 2013 - Doc. No. 32*. Herring has filed nothing in response to this order.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28

2

U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  It is undisputed that Herring has not yet exhausted his available state court remedies with respect to each of the claims on which he now seeks federal habeas relief.  This court does not deem it appropriate to rule on the merits of Herring's claims without first requiring that he exhaust available state remedies.  28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Herring can properly exhaust the state court remedies which are available to him.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be denied.

2. The petition be dismissed without prejudice to allow the petitioner an opportunity to exhaust available state court remedies.

It is further

ORDERED that **on or before August 8, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of July, 2013.

　　　　　　　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE